**S & S TOBACCO & CANDY COMPANY, INC.**

v.

**THE STOP & SHOP COMPANIES, INC., et al.**

**Civ. No. B–89–632(JGM).**

United States District Court, D. Connecticut.

Dec. 3, 1992.

William O. Bittman, Alexander P. Starr, Reed Smith Shaw & McClay, Washington, DC, James R. Fogarty, Andrew P. Nemiroff, Epstein & Fogarty, Stamford, CT, for plaintiff.

Houston P. Lowry, John Rose, Jr., Craig S. Taschner, Tarlow Levy & Droney, PC, Farmington, CT, for defendants.

MARGOLIS, United States Magistrate Judge.

### RULING ON DEFENDANTS' MOTION IN LIMINE

In accordance with guidelines previously set by the Court (*see* Dkt. # 86), on November 13, 1992, defendants filed a motion *in limine* (Dkt. ## 90–91), which addresses three evidentiary issues which will arise at the court trial, scheduled to commence before this Magistrate Judge on December 14, 1992. On November 23, 1992, plaintiff filed its brief in opposition (Dkt. # 93).[1]

---

1. Three exhibits were attached to this brief: copies of eight recent decisions by Connecticut Superior Court Judges (Exh. 1); copy of defendants' prior motion for summary judgment (Exh.

For the reasons stated below, defendant's motion is granted in part and denied in part.

## I. DISCUSSION

Three issues are raised in defendants' motion: (1) whether plaintiff may introduce evidence on the issue of punitive damages, as part of its claim in Count VII under the Connecticut Unfair Trade Practices Act ["CUTPA"], Conn.Gen.Stat. § 42–110a *et seq.*[2]; (2) whether the standard of proof for Count Four of defendants' counterclaims, for computer crimes in violation of Conn.Gen. Stat. §§ 52–570b & 53a–251(e)(1), is "preponderance of the evidence" or "clear and convincing evidence"; and (3) whether plaintiff may introduce evidence with respect to damages allegedly suffered in the Commonwealth of Massachusetts.

### A. Punitive Damages Under CUTPA

■ In this motion, defendants ask the Court to prohibit plaintiff from introducing any evidence on the issue of punitive damages and to prohibit plaintiff from seeking such damages at the end of trial. Conn.Gen. Stat. § 42–110g(a) provides that in a CUTPA action, "[t]he court may, in its discretion, award punitive damages. . . ." Section 42–110g(d) further provides that in an action under CUTPA: "the court may award, to the plaintiff, in addition to [compensatory damages], costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of the recovery."

As the Connecticut Supreme Court observed earlier this year, "Connecticut courts have . . . consistently limited punitive or exemplary damage awards . . . to costs in excess of taxable costs," except for certain statutory exceptions to this rule. *Freeman v. Alamo Management Co.*, 221 Conn. 674, 680 & n. 6, 607 A.2d 370 (1992) (*citing* Conn.Gen. Stat. § 42–110g in footnote) (other citations omitted). In actions under CUTPA, the fed-

eral judges in this district have awarded both punitive damages and attorneys' fees to prevailing plaintiffs. *See, e.g., Austin v. Gillotte*, Civ. No. B87–585(WWE), slip op. at 14–16 (D.Conn. Jan. 22, 1991, Magistrate Judge's Memorandum of Decision affirmed Mar. 1, 1991) (awarding $40,000 in punitive damages under CUTPA and reasonable attorney's fees to be determined in future); *Tri–State Yacht Sales, Inc. v. Escort Yachts, Inc./KRP Yacht Sales, Inc.*, Civ. No. H90–98(AHN), slip op. at 11 (D.Conn. Sept. 19, 1990) (awarding $71,500 in punitive damages under CUTPA and reasonable attorney's fees to be determined in future); *Tillquist v. Ford Motor Credit Co.*, 714 F.Supp. 607, 617 (D.Conn. 1989) (Zampano, S.J.) (awarding $500 in punitive damages under CUTPA and reasonable attorney's fees to be determined in future). *See also McLean v. Rocola Windows, Inc.*, Civ. No. H88–202(EBB), slip op. at 2–3 (D.Conn. Mar. 26, 1991) (declining to award punitive damages under CUTPA but awarding $6,898.50 in attorney's fees and costs); *Gibbs v. Southeastern Investment Corp.*, 705 F.Supp. 738, 745 (D.Conn. Feb. 1, 1989) (declining to award punitive damages under CUTPA but awarding reasonable attorney's fees to be determined in future).[3]

Thus, with respect to plaintiff's CUTPA claim, plaintiff may introduce evidence on the issue of punitive damages.[4]

### B. Standard of Proof for Computer Crimes

■ Conn.Gen.Stat. § 52–570b creates a private cause of action for computer-related offenses, as defined in Conn.Gen.Stat. § 53a–251. In this motion, defendants argue that their burden of proof is simply "preponderance of the evidence," whereas plaintiff argues that the "clear and convincing evidence" standard should apply, in that such count is analogous to a fraud claim. Only one published decision has construed §§ 52–570b & 53a–251, which specifically applied the typical

---

2); and copy of Chief Judge Cabranes' margin endorsement thereon (Exh. 3).

**2.** Count 4 of defendants' counterclaim also asserts a claim under CUTPA.

**3.** The eight Superior Court cases cited by plaintiff, *see* note 1 *supra*, are consistent with these five federal decisions.

**4.** The same result pertains to defendants' CUTPA claims as well. *See* note 2 *supra*.

civil standard of "preponderance of the evidence." *Blue Cross & Blue Shield of Conn., Inc. v. DiMartino,* Dkt. No. 300642, 1991 WL 127094, at *1, 4–6, 1991 Conn.Super. LEXIS 1570, at *2, 12–13 (Super.Ct. July 2, 1991). Absent clear legislative intent that a harsher standard should apply, the Court sees no reason to deviate from the general standard applied in civil actions.

### C. Massachusetts Damages

■ Lastly, defendants also ask this Court to exclude any evidence of damages that plaintiff allegedly suffered in Massachusetts, in that the "contract" at issue here could not be legally performed in that state by virtue of the applicable minimum pricing law, Mass. Gen.Laws Ch. 64C, § 13. Mass.Gen.Laws Ch. 64C, § 17, specifically provides: "Any contract express or implied, made by any person, firm or corporation in violation of any of the provisions of Sections 13 to 21, inclusive, is declared to be an illegal and void contract and no recovery thereon may be had."

The enforceability of the alleged contract was addressed by both parties in their briefs regarding defendants' motion for partial summary judgment (*see* Dkt. # 49, at 11–13; # 51, at 16–21). On December 20, 1990, Judge Cabranes denied such motion, as there were genuine issues of material facts which precluded the entry of summary judgment on this issue. Given such ruling, it would be inappropriate, at this *pretrial* stage, to preclude plaintiff from introducing such testimony. Whether plaintiff is entitled to recover such alleged damages is best determined during the course of trial or thereafter.

### II. CONCLUSION

Accordingly, for the reasons stated above, defendants' motion *in limine* (Dkt. # 90) is *denied* to the extent it seeks to exclude evidence on punitive damages under CUTPA under plaintiff's Count VII, is *granted* to the extent it seeks a determination that defendants' burden of proof is "preponderance of the evidence" for Count Four of their counterclaim for computer-related crimes, and is *denied* to the extent it seeks to exclude evidence on damages allegedly suffered by plaintiff in the Commonwealth of Massachusetts.